# In the United States Court of Federal Claims

No. 25-805
(Filed Under Seal on September 16, 2025)
Reissued: September 29, 2025[1]

|  |  |
|---|---|
| STRATA-G SOLUTIONS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

*Adam K. Lasky*, Seyfarth Shaw LLP, Seattle, WA, for plaintiff.  Also represented by *Sarah E. Barney*.

*Rebecca T. Mitchell*, U.S. Department of Justice, Washington, D.C., for defendant.  Also represented by *Mariana T. Acevedo*, and *Emma E. Bond*.

**OPINION & ORDER**

**SMITH**, Senior Judge

On October 24, 2024, the United States Department of Homeland Security's Customs and Border Protection, Air and Marine Contracting Division (the "Department") issued Solicitation number 70B02C24R00000060, seeking aircraft support services for the Department.  *See* Administrative Record 907 (Tab 18), ECF No. 14 [hereinafter AR].  In this Solicitation, the Department informed potential offerors—including plaintiff, Strata-G Solutions, LLC ("Strata-G")—that the contract would be awarded via a two-phase process as outlined in the Department's internal procedures.  *Id.* at 966, 981–82.  In phase-one, the Department would evaluate each offeror based on demonstrated prior experience in aircraft support services, whereas phase-two would evaluate each offeror's technical approach and price.  *Id.* at 982 (Tab 18).  After completing phase-one, the Department would "advise[]" each offeror whether it should proceed to phase-two by grading each proposal as either likely or unlikely to succeed.  *Id.* at 983.  Only phase-one was finalized prior to Strata-G's protest—because the Department ranked Strata-G unfavorably and, thus, recommended that the company not

---

[1]  An unredacted version of this opinion was issued under seal on September 16, 2025.  The parties were given an opportunity to propose redactions, and the Court accepted all in order to apply to procurement regulations.

proceed to phase-two. *See generally* Amended Complaint, ECF No. 16 [hereinafter Am. Compl.].

Strata-G disputes its phase-one ranking and seeks a reevaluation for two reasons.[2] *First*, the Department's use of its own internal procedures violates the Federal Acquisition Regulation, or FAR, because Part 12.203 has "prescribed" procurement evaluation procedures that differ from the Department's own procedures. *Id.* at 1–2 (quoting FAR 12.203(a)). *Second*, even assuming its internal procedures were valid, the Department injured Strata-G by evaluating its offer differently from the process articulated in the Solicitation. *Id.* at 18–38. Strata-G consequently requests the Court either direct the Department to apply FAR Part 12.203 and reevaluate the offerors or, at minimum, direct the Department to reevaluate the offerors under the terms outlined in the Solicitation. *Id.* at 43–44.

The Court cannot provide Strata-G any relief *at this time*. Defendant, the United States, is correct that, at present, Strata-G lacks standing to bring its first claim, and its second claim is unripe. Accordingly, Defendant's Motion to Dismiss, ECF No. 17, is granted. Strata-G's Amended Complaint, ECF No. 16, is dismissed without prejudice.

I

On October 24, 2024, the Department issued the Solicitation for a single-award indefinite delivery indefinite quantity, or IDIQ contract, to procure aircraft support services, such as for "major and minor aircraft alterations, heavy aircraft maintenance including depot level support, engineering services, and purchasing efforts." AR 908 (Tab 18). The estimated total contract price is between $2,500.00 and $99,998,835.00. *Id.* at 909–10.

The Solicitation outlines a two-phase process based upon the Department's internal procedures. *Id.* at 966, 981–82 (Tab 18). Phase-one evaluates an offeror's demonstrated prior experience, whereas phase-two evaluates both an offeror's technical approach and price for services. *Id.* at 982 (Tab 18). While factors in awarding the contract would be evaluated contiguously, each factor—prior experience, technical approach, and price—would be evaluated independently in different proposal "volumes" submitted at each applicable phase. *Id.* at 981 (Tab 18). Only phase-one was completed prior to Strata-G's protest, so the Court will only discuss that phase's structural process.

Phase-one evaluated Volume I, in which offeror's demonstrated prior experience in aircraft support services. *Id.* at 983 (Tab 18). Specifically, offerors were to "describe similar in size, scope, and complexity projects for which the Offeror has performed services pertaining to . . . five listed categories[.]" *Id.* Additionally, the offeror must list the dollar value for each project and the date of completion; all

---

[2] Technically, Strata-G makes a third claim against the government. Am. Compl. at 39–40. That is, the Solicitation, being for a contract above $100-million, was issued improperly by not being approved by the Department's leadership before public release. *Id.* But Strata-G "abandon[ed]" this claim during the pendency of this litigation. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss at 8, ECF No. 21.

projects must have been completed within five years of October 24, 2025. *Id.* Phase-one briefs were due on December 5, 2024, at 1:00 P.M. *Id.* at 909 (Tab 18). ▇ proposals were submitted by the deadline; only ▇ proposals—submitted by ▇ Strata-G, ▇ —were evaluated under phase-one, because ▇ proposal was found noncompliant. *Id.* at 1049–1392 (Tabs 19–30b); *id.* at 1423 (Tab 45) (▇); *id.* at 1426 (Tab 46) (▇); *id.* at 1438 (Tab 47) (▇); *id.* at 1430 (Tab 48) (▇); *id.* at 1442 (Tab 53) (Vali Inc.); *id.* at 1445 (Tab 54) (▇); *id.* at 1421 (Tab 44) (▇); *id.* at 1437 (Tab 51) (Strata-G); *id.* at 1440 (Tab 52) (▇); *id.* at 1432 (Tab 42) (▇); *id.* at 1435 (Tab 50) (▇).

On April 2, 2025, after phase-one was completed, the Department issued "non-binding recommendations for [p]hase[-two] participation to offerors." *Id.* at 981 (Tab 18). All offerors were ranked either as a low-confidence, some-confidence, or high-confidence competitor. *Id.* at 983. (Tab 18). Of the ▇ offerors, the Department issued the following recommendations:

- ▇ received high-confidence rankings;

- ▇, Strata-G, and ▇ received some-confidence rankings; and

- ▇ received low-confidence rankings.

*Id.* at 1423 (Tab 45) (▇); *id.* at 1426 (Tab 46) (▇); *id.* at 1438 (Tab 47) (▇); *id.* at 1430 (Tab 48) (▇); *id.* at 1442 (Tab 53) (▇); *id.* at 1445 (Tab 54) (▇); *id.* at 1421 (Tab 44) (▇); *id.* at 1437 (Tab 51) (Strata-G); *id.* at 1440 (Tab 52) (▇); *id.* at 1432 (Tab 42) (▇); *id.* at 1435 (Tab 50) (▇).

Strata-G, like every other offeror who failed to receive a "high-confidence" ranking, was "advise[d] not to participate in the next phase." *Id.* at 1477 (Tab 64). That said, while "the results of [p]hase[-one] evaluations . . . will carry over to [p]hase[-two] and will not be re-evaluated," the "recommendation" is merely advisory and any offeror—even the most unqualified—can continue to phase-two voluntarily; the Department did not block any offeror from moving forward. *Id.* Offerors only needed to notify the Department of its decision to move onto phase-two by April 7, 2025, at 1:00 P.M. *Id.* at 909 (Tab 18); *id.* at 1477 (Tab 64). The Department decided to provide these advisory notifications to help "minimize proposal development costs for those Offerors with little chance of receiving an award." *Id.* at 983. (Tab 18). And because an offeror's ranking was nonfinal, the Department did not "provide debriefings after the completion of" phase-one, and would only provide debriefings after phase-two. *Id.* Strata-G and ▇ other offerors decided to proceed to phase-two. *Id.* at 1467–86 (Tab 18).

Phase-two volumes were due May 12, 2025, at 4:00 P.M., and Strata-G submitted its volumes that day.  *See* Defendant's Cross-Motion and Response to Plaintiff's Motion on the Administrative Record and Motion to Dismiss at 8, ECF No. 17 [hereinafter Def.'s Mot.].

## II

That same day, Strata-G brought its action in this Court.  *See generally* Complaint, ECF No. 1.

On May 22, 2025, defendant filed the Administrative Record.  *See generally* Notice of Transmission of the Administrative Record, ECF No. 14.  On June 24, 2025, defendant, acting unopposed, requested the Court allow it to amend the administrative record, which the Court granted three-days later, thereby incorporating additional documents into the existing administrative record for the present motions when it was later filed on July 17, 2025.  *See generally* Defendant's Motion to Correct the Administrative Record, ECF No. 18; Defendant's Notice to Transmission of the Corrected Administrative Record, ECF No. 19; Defendant's Notice of Filing of the Amended Administrative Record, ECF No. 25.

On June 6, 2025, Strata-G filed its Motion for Judgment on the Administrative Record.  *See generally* Plaintiff's Motion for Judgment on the Administrative Record, ECF No. 15.  The next day, Strata-G filed its Amended Complaint.  *See generally* Am. Compl.  On June 20, 2025, defendant filed its Cross-Motion and Response to Plaintiff's Motion on the Administrative Record, as well as its Motion to Dismiss.  *See generally* Def.'s Mot.  On June 30, 2025, Strata-G filed its Reply in Support of its Motion for Judgment on the Administrative Record and its Response to Defendant's Cross-Motion for Judgment on the Administrative Record, as well as its Response to Defendant's Motion to Dismiss.  *See generally* Plaintiff's Reply in Support of its Motion for Judgment on the Administrative Record and its Response to Defendant's Cross-Motion for Judgment on the Administrative Record, ECF No. 20; Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss at 8, ECF No. 21 [hereinafter Pl.'s Resp.].  On July 10, 2025, defendant filed its Reply in Support of its Motion to Dismiss and its Cross Motion for Judgment on the Administrative Record.  *See generally* Defendant's Reply in Support of its Motion to Dismiss and its Cross Motion for Judgment on the Administrative Record, ECF No. 24 [hereinafter Def.'s Reply].  On August 7, 2025, the Court held oral argument on the pending motions.

## III

The Tucker Act (along with its sister statutes) allows the Court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an expressed or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort," 28 U.S.C. § 1491(a)(1), including government solicitation protests, 28 U.S.C. § 1491(b)(1).

Usually, when considering defendant's motion to dismiss for lack of subject-matter jurisdiction, the Court must take the facts alleged in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (*per curiam*). But if a motion to dismiss challenges the jurisdictional facts, the Court can look beyond the complaint itself, *see Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999), for "allegations alone are insufficient to meet the [plaintiff's] burden" of properly invoking the Court's subject-matter jurisdiction, *see Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993). If a plaintiff lacks standing, *see Applied Bus. Mgmt. Sols., Inc. LLC v. United States*, 117 Fed. Cl. 589, 603 (2014) (citing *S. California Fed. Sav. & Loan Ass'n. v. United States*, 422 F.3d 1319, 1328 n.3 (Fed. Cir. 2005)), or the claim is unripe, *Est. of Hage v. United States*, 687 F.3d 1281, 1285 (Fed. Cir. 2012), the Court "must" dismiss the cause-of-action for lack of subject matter jurisdiction, *Ceres Gulf, Inc. v. United States*, 94 Fed. Cl. 303, 314 (2010).

## IV

Defendant offers two convincing arguments in favor of dismissal. *First*, Strata-G lacks jurisdictional standing to bring count-one, alleging the Department's use of its own internal procedures used in phase-one violates the FAR, because phase-one's determinations are only advisory and, thus, neither prevents Strata-G from proceeding to phase-two nor prevents Strata-G from becoming the contract awardee after phase-two's determinations. *See* Def.'s Mot. at 13–20. As Defendant aptly puts it, "Strata-G suffered no . . . injury in being informed." *Id.* at 14. *Second*, Strata-G's count-two, alleging that the Department did not follow the terms of its Solicitation in evaluating the proposals, is unripe because phase-one's advisory notices do not preordain the procurement's outcome. Rather, outcomes from both phases will determine the contract awardee. *Id.* 20–25.

Court dismisses Strata-G's complaint for these two reasons. That said, Strata-G may resume this action, if it still believes the Department's actions are injurious, after this case is ripe.

**Count-One.** By failing to allege a concrete non-hypothetical injury for its first claim, Strata-G lacks Article III's standing, thus requiring dismissal of count-one. *See Starr Int'l Co., Inc. v. United States*, 856 F.3d 953, 964 (Fed. Cir. 2017) (applying Article III standing to this Court's jurisdiction); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021) ("No concrete harm, no standing.").

"Article III standing requires that a plaintiff have: '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Associated Energy Grp., LLC v. United States*, 131 F.4th 1312, 1319 (Fed. Cir. 2025) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). To properly allege an injury-in-fact, the element at issue in this case, Strata-G must allege that it "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical," *Incyte Corp. v. Sun Pharm. Indus., Inc.*, 136 F.4th 1096, 1100 (Fed. Cir. 2025) (internal quotation marks omitted), such as that the Department's phase-one

internal procedures have or will result either in a loss of the Solicitation's proposed contract or "the inability to compete on equal footing in the bidding process," *Acetris Health, LLC v. United States*, 949 F.3d 719, 727 (Fed. Cir. 2020) (quoting *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 666 (1993)). Neither is true here—quite the opposite, in fact.

Strata-G alleges that the Department's internal procedures in phase-one violates the FAR. Am. Compl. at 12–18. Even if the Department's internal procedures are voidable, it is unclear how Strata-G is injured beyond speculation of the Department's ultimate intentions. That is, according to Strata-G, phase-one determinations serve as a "conclusive[]" decision of which offerors have a real chance at the Department's contract award. Pl.'s Mot. at 16. But as the Department has mentioned repeatedly, *nothing* is conclusive at phase-one. *E.g.*, AR 1477 (Tab 64). The Department only, in its recommendations after phase-one, sought to advise offerors on whether their respective proposals would be competitive, thereby helping "minimize proposal development costs" to the benefit of each offeror. *Id.* Crucially, the Department did not seek to prevent any offeror—even the most nonviable—from "compet[ing] on equal footing" with any company that decided to continue to phase-two, nor were phase-one recommendations determinative on which offeror would ultimately receive the contract. *Acetris Health, LLC*, 949 F.3d at 727. These recommendations were just "advisory notice[s]"—here to give all offerors insight into a potential outcome but were not the outcome itself. AR 1477 (Tab 64). Strata-G apparently understood this, because if it really believed that the recommendations were conclusive, there would have been no reason to proceed to phase-two. *Id.* at 1467–86 (Tab 18).

The Department's recommendation merely told Strata-G of its possible chances after the Department's review of phase-one—information that arguably is a benefit, rather than an injury. Regardless, Strata-G's gut instinct is maybe on the right path: The Department may ultimately award the contract to one of the six high-confidence competitors. AR 1423 (Tab 45) (▇▇▇▇▇▇); *id.* at 1426 (Tab 46) (▇▇▇▇▇▇); *id.* at 1438 (Tab 47) (▇▇▇); *id.* at 1430 (Tab 48) (▇▇▇▇▇); *id.* at 1442 (Tab 53) (▇▇▇ *id.* at 1445 (Tab 54) (▇▇▇). But speculation of what might happen when the Department awards its contract is an insufficient injury-in-fact. By lacking a "concrete" harm, meaning no actualized or determined result, there is no issue to resolve and, thus, "no standing." *TransUnion LLC*, 594 U.S. at 442. The Court therefore dismisses count-one for that reason.

**Count-Two.** Agencies ignoring the exact terms of its procurement solicitations is a serious allegation—but it must be brought at the correct "time[]." *Reg'l Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974); *see generally, e.g., Anders Constr., Inc. v. United States*, 171 Fed. Cl. 300 (2024) (holding that an agency must evaluate proposals based on the terms of the solicitation). Strata-G's second claim, alleging that the Department did not follow the terms of its Solicitation in evaluating the proposals, is "contingent upon" whether Strata-G is *not* awarded the contract due to its evaluation in phase-one. *Sys. Application & Techs., Inc. v. United States*, 691 F.3d 1374, 1383 (Fed. Cir. 2012); *e.g.*, Am. Compl. at 18–38. Who is awarded the

Department's contract is a "future event[] that may or may not occur," *Sys. Application & Techs., Inc.*, 691 F.3d at 1383, thus count-two's injury is unripe and must be dismissed.

"In assessing ripeness, there are two basic factors: (1) the fitness of the issues for judicial decision[;] and (2) the hardship to the parties of withholding court consideration." *Id.* at 1383–84 (internal quotation marks omitted).  Neither factor falls in Strata-G's favor.

"When a party challenges government action, the first factor becomes a question of whether the challenged conduct constitutes a final agency action." *Id.* at 1384.  Final agency action hinges on whether an agency's decision-making process has reached its consummation, rather than being in "a merely tentative or interlocutory nature," from where a plaintiff's rights, obligations, or resulting "legal consequences will flow." *Id.*  In short, "[o]nce the government is committed to a position . . . the dispute is ripe for judicial resolution." *Pakdel v. City & Cnty. of San Francisco, California*, 594 U.S. 474, 479 (2021).

The Department has repeatedly stated that its phase-one determinations commit neither itself nor the offerors to any outcome.  *E.g.*, AR 1477 (Tab 64).  Strata-G's phase-one recommendation was just an advisory opinion regarding its chances as compared to the other offerors.  *Id.* at 1437 (Tab 51) (Strata-G).  Put differently, the Department's Strata-G recommendation was a glimpse into a possible future where the Department does not award Strata-G the contract—something that "may or may not occur." *Sys. Application & Techs., Inc.*, 691 F.3d at 1383.

Strata-G's "suspicions about [the] [Department's] future actions are simply too speculative to create a ripe controversy." *Harris Patriot Healthcare Sols., LLC v. United States*, 95 Fed. Cl. 585, 596 (2010).  Only when a claim is ready for harvesting—meaning when it is no longer predicated upon hypothetical injuries—can the Court proceed to the merits.  *Id.*  And Strata-G suffers no "hardship" in waiting for the proper "time[]." *Reg'l Rail Reorganization Act Cases*, 419 U.S. at 140.  At that moment, Strata-G can resume this action.  Dismissal of count-two is nonetheless appropriate now.

## V

"To avoid an arbitrary discretion in the Courts, it is indispensable that they should be bound down by strict rules and precedents." THE FEDERALIST NO. 78, at 529 (Alexander Hamilton) (J. Cooke. Ed. 1961).  Today's decision merely applies the longstanding obligation to open the Court's doors only to plaintiffs who are currently injured and ready to be remedied.  Strata-G is not currently injured and cannot be provided any relief.  In time, that assessment may change.  Strata-G may resume this action, if it still believes the Department's actions are injurious, after this case is ripe.

Defendant's Motion to Dismiss, ECF No. 17, is **GRANTED**.  Both plaintiff's Motion for Judgment on the Administrative Record, ECF No. 15, and defendant's

Motion for Judgment on the Administrative Record, ECF No. 17, is **FOUND AS MOOT**.  Strata-G's Amended Complaint, ECF No. 16, is **DISMISSED WITHOUT PREJUDICE**.  The clerk is to enter judgment accordingly.

    **IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge
